**PRINGLE v MAXWELL**

Ohio Appeals, 2nd Dist, Franklin Co

No 2613. Decided April 13, 1936

George S. Marshall, Columbus, and George B. Marshall, Columbus, for plaintiff in error.

B. B. Friedman, Columbus, for defendant in error.

**OPINION**

By BODEY, J.

In this proceeding, plaintiff seeks to reverse this final order. Although seven errors are assigned in his petition in error, but two errors are argued in the brief. While these specifications are not in the language of the petition in error the argument is to the effect that the judgment of the trial court is contrary to the law and to the evidence.

The court has read the record of the testimony taken below. While we might not have reached the conclusion of the trial court as to the effect of the various deed transactions had between plaintiff, his mother and the defendant, if we had heard the case in the first instance, we are of opinion that the trial court's finding that no sale of the premises in question was had is sustained by the evidence and is not contrary to its manifest weight. In reply to certain interrogatories propounded by the court, plaintiff testified that he had received the deed for the farm as a part of the transaction whereby his mother had intended to deed the premises at No. 9 Garling Avenue to the defendant. This supports in general the theory advanced by the defendant that no sale of these premises has ever been had. We therefore hold that the trial court was not in error in finding as a fact that no sale had been had.

Counsel for plaintiff confine their arguments to the question of sale and urge that the note is due because a sale was had. Although this note was dated December 23, 1927, Mrs. Maxwell died on May 31, 1932 and this action was instituted in the Common Pleas Court on September 11, 1933, counsel do not present the argument that the note is due because an unreasonable time has elapsed since it was executed. As this record stands, we believe that this is the determining factor in our inquiry.

Our Supreme Court has had questions of a similar nature before it at various times. In the case of **Lewis v Tipton, 10 Oh St, 88,** recovery was sought upon a note by its terms made payable 'when I can make it convenient.' The court held that such a note created a legal liability on the maker and that it was due within a reasonable time. In that case suit was not brought until more than a year after the execution of the note. This was held to be a reasonable time and a judgment rendered on the note was affirmed.

In the case of **Wright et v Hull, 83 Oh St, 385,** the court collects numerous authorities and holds that the writing under consideration which imported payment by the maker 'out of the first receipts, from the sale of lands bought by us from Messrs. C. P. and others in Athens County, Ohio, after we are reimbursed for advances for its payment' was due within a reasonable time after its execution.

The foregoing cases were discussed and commented upon in the case of **Link v Hill, 117 Oh St, 421.** The majority of the court was of opinion that, in order to render such contracts due prior to their fixed due date, all such contracts must carry with them an implied provision that if the event fixing the maturity does not occur then the obligation shall become due within a reasonable time. The syllabus of that case reads thus:

"The implication that an agreement to repay upon the sale of certain property is an agreement to repay within a reasonable time, without the sale of the property, does not obtain where the facts and circumstances relative to the entering into such agreement preclude the existence of any such intention on the part of the contracting parties at such time."

In the case at bar we have some of the elements present which might bring it within this rule. We do have an obligation executed by a husband in favor of his wife while they were living together, we do have a situation where it was intended that the note should be paid at some future time, and we probably have present a purpose on the part of the wife to not have the obligation fall due in the immediate future when the defendant would be unable to pay. Howgever, we do not have a situation which precludes the finding that there was present at the time of the execution of this note an intention that the same was to be paid within a reasonable time. The record shows that the defendant, immediately after the execution of this note, endeavored to sell these premises, but without avail. It also shows that the wife was ill and that she wanted a one-floor plan house so that

she would be spared the necessity of climbing the stairs. Under such a state of facts it is not likely or probable that the payee intended that the due date of this note should be postponed until after her death. In our judgment the facts and circumstances surrounding the execution of the note are insufficient to preclude the finding of the existence of an intention of the parties that the obligation should be payable in a reasonable time. On the other hand, the circumstances are affirmative and they lead the court to believe that these parties did have in their minds an intention of compliance by payment within a reasonable time. We therefore hold that the note herein sued upon was due within a reasonable time after its date.

Has a reasonable time elapsed in this case? In a discussion of the question of reasonable time the Supreme Court in the case of **Kroll v Close, 82 Oh St, 190**, said:

"Ordinarily an issue as to the reasonableness or unreasonableness of anything, is a mixed question of law and fact; but where the facts are clear and undisputed it is purely a question of law."

In the instant case the facts are not in dispute. They are clear. It is out view that the question of a reasonable time, under the evidence, is one of law. As already stated, the note was dated December 23, 1927, and suit was filed thereon on September 11, 1933. We are of opinion as a matter of law that the elapsed time is reasonable and that plaintiff is entitled to judgment.

The trial court did not pass upon the first, second and third defenses of the answer except by inference. No error is prosecuted by the defendant. This court is therefore precluded from taking up these defenses and considering the evidence offered in their support. Our examination of the record leads us to the observation, however, in view of its finding of fact that the execution of the note and the several deeds were contemporaneous, that the trial court could have found under the evidence that the note was to be surrendered to the defendant by his wife in consideration of his joining in the deed to plaintiff.

The judgment of the trial court is reversed. This cause is remanded with instructions to the lower court to render judgment on the note sued upon in the amount thereof together with 6% interest from the date the petition was filed, to-wit, September 11, 1933. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.